**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH SHALLOW, | |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 20-01336 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| *Defendant.* | |

**PAPPERT, J.**                                                   **March 30, 2020**

## MEMORANDUM

Joseph Shallow suffered head and spinal injuries after a drunk driver crashed into his car. He sued State Farm Mutual Automobile Insurance Company for breach of contract and statutory bad faith after State Farm denied his underinsured motorist claim. State Farm removed the case and moved to dismiss Count II—the bad faith claim. For the reasons that follow, the Court grants the Motion.

I

On March 26, 2018, a drunk driver ran a red traffic light and rammed into the car that Shallow was driving. (Compl. ¶¶ 4–6, ECF No. 1.) As a result of the collision, Shallow alleges he suffered serious and permanent bodily injuries, including among other things, a concussion, post-concussion syndrome, sustained disc bulge in his spine, cervicalgia and myalgia. (*Id.* ¶ 9.) Shallow has since resolved his claim with the tortfeasor's insurance carrier, Progressive, for the $15,000 third-party policy limit. (*Id.* ¶ 8.)

The vehicle that Shallow was driving at the time of the accident belonged to Lauren Thompson, who was insured by State Farm. (*Id.* ¶ 13–14.) According to Shallow, Thompson's policy protects permissive drivers who are injured by the negligence of an underinsured third-party driver and provides for coverage up to $100,000. (*Id.* ¶¶ 16–17.) Shallow filed a claim with State Farm, but he asserts that the insurance company has failed to "reasonably investigate" the claim, failed to "objectively and reasonably evaluate" it, and refused to "promptly offer payment of the reasonable and fair value" of the claim. (*Id.* ¶ 25.)

Shallow sued State Farm for breach of contract and statutory bad faith in the Philadelphia County Court of Common Pleas. *See* (Compl.). State Farm removed the case to this Court and filed a Motion to Dismiss the bad faith claim. (ECF No. 6.)

II

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

### III

Pennsylvania's bad faith statute allows a court to award interest, punitive damages and attorneys' fees if it "finds that the insurer has acted in bad faith toward the insured." 42 Pa. Con. Stat. § 8371. Although the statute does not define "bad faith," courts have construed the term as "any frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citation omitted). To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim. *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017); *see Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012) (citation omitted).

Various actions by an insurer can constitute bad faith, such as "a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured." *Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999). Every bad faith claim is fact specific and depends on the "conduct of the insurer *vis à vis* the insured." *Condio v. Erie Ins. Exch.*, 899 A.2d

1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)).

Courts in this Circuit have routinely dismissed bad faith claims reciting only "bare-bones" conclusory allegations unsupported by facts sufficient to raise the claim to a level of plausibility. *See, e.g.*, *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (unpublished); *Ream v. Nationwide Prop. & Cas. Ins. Co., NAIC*, No. 19-00768, 2019 WL 4254059, at *2–5 (W.D. Pa. Sept. 9, 2019); *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-0077, 2015 WL 3444288 (E.D. Pa. May 28, 2015).

Shallow alleges that State Farm engaged in bad faith by "failing to reasonably investigate the plaintiff's claim, failing to objectively and reasonably evaluate the plaintiff's claim and failing to promptly offer payment of the reasonable and fair value of the underinsured motorist claim." (Compl. ¶ 25.) These threadbare, conclusory allegations do not provide a sufficient basis to state a plausible claim for relief. The Complaint must establish more than mere "recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012) (citations omitted). Absent additional facts regarding Shallow's insurance claim and the accompanying investigation, negotiations, or communications that took place, the Court cannot infer bad faith on State Farm's part. *See Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (explaining plaintiffs must "describe who, what, where, when, and how the alleged bad faith conduct occurred") (citation omitted).

V

Courts should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). "This certainly includes amendment to cure defective allegations." *Shifflett v. Korszniak*, 934 F.3d 356, 366 (3d Cir. 2019) (citing 6 *Wright & Miller*, Federal Practice and Procedure: Civil § 1474 (3d ed. 2019). Shallow may amend the bad faith claim consistent with this Memorandum and to the extent he can allege facts sufficient to state a plausible claim for relief.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.